IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SALVATORE COTTONE, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:06-CV-0044-Y |
| | § | |
| COLE JETER, Warden, | § | |
| Federal Correctional Institution-Fort Worth, | § | |
| Respondent. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the United States Magistrate Judge, as evidenced by his signature hereto, are as follows:

## I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Salvatore Cottone, Register No. 23593-083, is confined in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent Cole Jeter is the Warden of FCI-Fort Worth.

*C. Factual Background*

Cottone alleges he is currently serving a 240-month term of imprisonment pursuant to a judgment and commitment order following a jury trial in the United States District Court for the

Southeastern District of Virginia, Norfolk Division, in criminal cause No. 89-102-N.  (Application

at 1.)  *See* PACER, U.S. Party/Case Index, Criminal Docket for # 2:89-CR-102-JAM-1.  In addition,

Cottone alleges he was ordered to pay restitution in the amount of $20,000 under the Mandatory

Victims Restitution Act of 1996 ("MVRA").  18 U.S.C. § 3663A.  On January 13, 2006, the clerk's

office received this petition for filing.

### D.  Legal Discussion

Cottone challenges the restitution order on the basis of the Supreme Court's decisions in

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and

*United States v. Booker*, 543 U.S. 220 (2004).  In *Booker*, a majority of the Supreme Court extended

to the federal Sentencing Guidelines the rule announced in *Apprendi* and *Blakely*:  pursuant to the

Sixth Amendment, any fact, other than the fact of a prior conviction, which is necessary to support

a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury

verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.  *Booker*,

543 U.S. at 244.  A different majority of the Court then determined the appropriate remedy was to

sever and excise those statutory provisions making the Guidelines mandatory, thereby rendering the

Guidelines effectively advisory.  *Id.* at 245, 258, 259.  Cottone argues that the imposition of the

$20,000 restitution order unconstitutionally enhanced his sentence under the then-mandatory federal

Sentencing Guidelines based on facts that were not found by a jury beyond a reasonable doubt or

admitted by him.  (Petition at 1-2.)

This Court has the duty to assure that it has jurisdiction over the matters before it.  *See Burge

v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999); *MCG, Inc. v. Great W. Energy

Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).  Federal Rule of Civil Procedure 12(h)(3) requires that

federal courts dismiss an action whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction over the subject matter.  FED. R. CIV. P. 12(h)(3).  Dretke asserts that Cottone's claim is not properly raised in a § 2241 habeas petition and that the petition should be dismissed for lack of jurisdiction.  (Resp't Motion to Dismiss 1-5.)

Typically, § 2241 is used to challenge the manner in which a sentence is executed.[1]  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence.  *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Alleged errors that occurred at sentencing may not be asserted in a § 2241 petition  unless the petitioner can satisfy the mandates of the so-called § 2255 "savings clause."  *See* 28 U.S.C. § 2255; *Reyes-Requena v. United States*,  243 F.3d 893, 901 (5th Cir. 2001).  That provision provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255.

To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  A § 2241 petition is not a substitute for a motion under § 2255, and the petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or

---

[1]Cottone asserts that he is challenging the way his sentence is being executed, however, he is actually challenging the judicial fact-finding in the determination of the restitution order, an alleged error occurring at sentencing.  *See Montgomery v. U.S. Sentencing Comm'n*, 104 Fed. Appx. 438, 439 (5th Cir. 2004) (not designated for publication in the Federal Reporter).

ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5ᵗʰ Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5ᵗʰ Cir. 2000). A prior unsuccessful § 2255 motion, or the inability to meet the statute's second or successive requirements, does not make § 2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5ᵗʰ Cir. 2000).

Cottone cannot satisfy the first prong of the *Reyes-Requena* test. His attack on the constitutionality of the restitution order is not based on a retroactively applicable Supreme Court decision which would establish his innocence. The Fifth Circuit has expressly held that the *Apprendi/Blakely/Booker* line of cases do not apply retroactively to cases on collateral review. *See Padilla v. United States*, 416 F.3d 424, 427 (5ᵗʰ Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5ᵗʰ Cir. 2005); *Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 347-48 (5ᵗʰ Cir. 2002); *United States v. Brown*, 305 F.3d 304, 309 (5ᵗʰ Cir. 2002); *Ball v. Conner*, 83 Fed. Appx. 621, 622 (5ᵗʰ Cir. 2003) (not selected for publication in the Federal Reporter).

Cottone is precluded from challenging the legality of the restitution order under § 2241. The court is without jurisdiction to consider the petition. *See Padilla*, 416 F.3d at 427; *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5ᵗʰ Cir. 2003 ).[2]

## II. **RECOMMENDATION**

It is therefore recommended that Cottone's petition for writ of habeas corpus be dismissed for lack of jurisdiction.

## III. **NOTICE OF RIGHT TO OBJECT TO PROPOSED**

---

[2]Even if the court had jurisdiction, under Fifth Circuit case law, judicial fact-finding supporting restitution orders does not violate the Sixth Amendment for purposes of a *Booker* claim. *See United States v. Garza*, 429 F.3d 165, 169-70 (5ᵗʰ Cir. 2005), *cert. denied*, 126 S. Ct.1444 (2006).

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 29, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 29, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby

is returned to the docket of the United States District Judge.

SIGNED June  8 , 2006.

 /s/ Charles Bleil                                    

CHARLES BLEIL

UNITED STATES MAGISTRATE JUDGE